United States District Court

Northern District of California

| | |
|---|---|
| ROBERT LAWRENCE WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br>CITY OF SAN LEANDRO, SAN LEANDRO CHIEF OF POLICE, OFFICER MUND, OFFICER JOHN DOE,<br><br>    Defendants. | Case No.: 13-02302 CW (PR)<br><br>ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE CERTIFICATE OF FUNDS DOCUMENTS |

    On May 21, 2013, Plaintiff, a state prisoner incarcerated at a live-in residential program in Oakland, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that San Leandro police officers violated his constitutional rights. On the same day the action was filed, the Clerk of the Court sent a notice to Plaintiff, informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's *in forma pauperis* (IFP) application. The notice indicated that the IFP application was missing the following two documents: (1) a Certificate of Funds in Prisoner's Account (COF) completed and signed by an authorized officer at Plaintiff's institution, and (2) a copy of Plaintiff's prisoner trust account statement showing transactions for the last six months.

    On June 19, 2013, Plaintiff filed an IFP application. However, instead of including a completed COF signed by an authorized officer at his institution and his trust account statement for the last six months, Plaintiff submitted a blank

form and wrote on the bottom, "I am currently placed in a live-in residential program at the discretion of my parole officer."

    Plaintiff's statement that he is residing in a residential program is insufficient to meet the requirements that he file the above-cited documents.  Therefore, within fourteen days from the date of this Order, Plaintiff shall file the two documents described above or a declaration signed under penalty of perjury by an authorized officer at his institution, indicating that the residential program does not maintain trust accounts for its residents and, thus, the institution is unable to complete the required prisoner trust fund documents for Plaintiff.  The officer also shall indicate how residents' money and finances are monitored by the residential program.

    If Plaintiff fails to file the required two documents or a declaration from an authorized officer at his institution within fourteen days from the date of this Order, his complaint shall be dismissed without prejudice for failure to file the required documents.

    IT IS SO ORDERED.

Dated: 10/1/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2