IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAWRENCE WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN LEANDRO, SAN LEANDRO CHIEF OF POLICE, OFFICER MUND, OFFICER JOHN DOE, <br><br> Defendants. | Case No.: C 13-2302 CW (PR) <br><br> ORDER OF SERVICE AND DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND |

On May 21, 2013, Plaintiff, in state custody at a residential program in Oakland, California, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that San Leandro police officers violated his constitutional rights. On October 1, 2013, the Court issued an order granting Plaintiff an extension of time to file certificate of funds (COF) documents to complete his in forma pauperis (IFP) application. See Doc. no. 5. On October 17, 2013, Anthony Quillin, House Manager of Plaintiff's residential program, submitted a letter to the Court indicating that the program does not have trust fund accounts and that it only asks residents, when employed, to provide a copy of their check stubs so the program has a record of their employment. See Doc. no. 6.

The Court finds that Plaintiff's IFP application is complete and it is granted in a separate Order.

DISCUSSION

I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. Lemire v. Cal. Dept. Corrections & Rehabilitation, 756 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.

Leer, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under § 1983. Lemire, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

II. Plaintiff's Allegations

Plaintiff alleges that in late January or early February 2013, he was stopped at the border of San Leandro and Oakland by San Leandro Police Officer Mund and another officer, who Plaintiff labels Officer John Doe. The officers told Plaintiff they stopped him because he was "moving in his car." The officers asked

Plaintiff if he had any guns or drugs and he responded, "No." Nevertheless, the officers took Plaintiff out of his car, searched him and placed him in the patrol car. One officer started searching Plaintiff's car. The officers' dispatcher informed them that Plaintiff was on probation, but without a search clause.

The officers took Plaintiff's identification and told him to meet them back at the police station. Plaintiff went to the police station but never got his identification back from them.

III. Fourth Amendment Violation

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV; Allen v. City of Portland, 73 F.3d 232, 235 (9th Cir. 1995); Franklin v. Foxworth, 31 F.3d 873, 875 (9th Cir. 1994). The ultimate test of reasonableness requires the court to balance the government's justification and the level of intrusion into the privacy of the individual. Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1496 (9th Cir. 1996). In order to claim the protection of the Fourth Amendment, one must "demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; i.e., one which has 'a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" Minnesota v. Carter, 525 U.S. 83, 88 (1998) (citation omitted).

Construed liberally, Plaintiff's allegations state a cognizable Fourth Amendment claim against Officer Mund. However, because the complaint does not mention the San Leandro Chief of Police and because there is no vicarious liability in

§ 1983 actions, Plaintiff fails to state a claim against the Chief of Police. Likewise, Plaintiff fails to state a claim against the City of San Leandro because the complaint contains no allegations against the City. As indicated above, to state a claim against a municipality, the complaint must allege that it had a policy that was a moving force behind the constitutional violation. Plaintiff is granted leave to amend to remedy the deficiencies in his claims against the Chief of Police and the City of San Leandro, if he truthfully can do so.

Furthermore, Plaintiff's claim against the second San Leandro police officer cannot proceed at this time because that Defendant is identified only as "John Doe." Plaintiff may move to amend his complaint to substitute the correct name of the officer should he learn that information in the future. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit).

IV.  Consent or Declination to Proceed Before Magistrate Judge

In order to encourage the just, speedy and inexpensive determination of 42 U.S.C. § 1983 cases filed in this district, the parties may waive their right to proceed before a district judge and consent to proceed before a magistrate judge for all purposes. Attached to this Order is a Notice of Option to Consent to Proceed Before United States Magistrate Judge and an Order requiring the parties to notify the Court whether they consent or decline to so proceeding. The parties shall complete the requisite consent or declination form and return it to the Court as set forth in paragraph 5 of the Conclusion of this Order.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Fourth Amendment claim against San Leandro Police Officer Mund.

2. Plaintiff's claims against the San Leandro Chief of Police and the City of San Leandro are dismissed for failure to state a cognizable claim. Within twenty-eight (28) days from the date of this Order, Plaintiff may file an amended complaint to cure the deficiencies noted above.

Plaintiff shall use the Court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 13-2302 CW (PR), and the heading "AMENDED COMPLAINT."

If Plaintiff fails timely to file an amended complaint in conformity with this Order, the claims against the San Leandro Police Chief and the City of San Leandro will be dismissed without prejudice and the cognizable claim against Officer Mund will proceed.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to San Leandro Officer Mund. The Clerk shall also mail a copy of the complaint and a copy of this Order to the San Leandro Office of the City Attorney, 835 E. 14th Street, San Leandro, California, 94577, and a copy of this Order to Plaintiff.

4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by

6

the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

5. Defendant shall file the Consent or Declination to Magistrate Judge Jurisdiction on or before the date the answer is due.

6. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than thirty days from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. If Defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil

Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendant shall comply with the Ninth Circuit's decisions in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and Stratton v. Buck, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.                                    b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than twenty-eight days after the date on which Defendant's motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn

declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. Defendant shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.

  8. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

  9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than fourteen days prior to the deadline sought to be extended.

  IT IS SO ORDERED.

Dated: 12/5/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE