IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAWRENCE WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF SAN LEANDRO, SAN LEANDRO CHIEF OF POLICE, OFFICER MUND, OFFICER JOHN DOE,<br><br>          Defendants. | Case No.: C 13-2302 CW (PR)<br><br>ORDER GRANTING DEFENDANT MUND'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO ADMIT NEWLY OBTAINED EVIDENCE AND DENYING PLAINTIFF'S REMAINING MOTIONS<br><br>Doc. Nos. 15, 17, 21, 22, 24, 25 and 33. |

     Plaintiff Robert Lawrence Williams, an inmate at the Northern Nevada Correctional Center, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that San Leandro police officers violated his constitutional rights.  On December 5, 2013, the Court issued an Order for service of a cognizable Fourth Amendment claim against San Leandro Police Officer Ted Mund.

     On March 11, 2014, Officer Mund filed a motion for summary judgment, which is fully briefed (Doc. No. 17).  Plaintiff has filed the following motions: (1) to enter judgment or sanctions against Officer Mund (Doc. No. 15); (2) to amend the complaint to add the San Leandro Police Department as a defendant (Doc. No. 21); (3) to compel discovery (Doc. No. 22); (4) to compel discovery (Doc. No. 24); (5) to amend the complaint to add San Leandro Police Officer J. Robertson as a defendant (Doc. No. 25); and (6) to admit newly obtained evidence in support of Plaintiff's opposition to the summary judgment motion (Doc. No. 33).

Defendant has opposed all motions.[1]  For the reasons discussed below, the Court grants Defendant's motion for summary judgment and Plaintiff's motion to admit newly obtained evidence and denies all other motions Plaintiff has filed.

BACKGROUND

The following facts are from Plaintiff's verified complaint and the parties' declarations and exhibits.

I. Defendant's Version of Events

The parties agree that, on February 4, 2013, Officer Mund conducted a traffic stop of a vehicle driven by Plaintiff.  The remaining facts are in dispute.

Officer Mund declares as follows.  He stopped Plaintiff's vehicle because Plaintiff failed properly to use a turn signal in violation of California Vehicle Code section 22108.[2]  As Officer Mund turned on his police vehicle's overhead emergency lights, he noticed Plaintiff lean to his right toward the passenger seat, furtively look in Officer Mund's direction, then shift around in his driver's seat before he parked his vehicle.  Based upon Officer Mund's training and experience, he believed Plaintiff was attempting to conceal a weapon or illegal contraband.  Pursuant to

---

[1] On October 30, 2014, Plaintiff filed a document entitled, "newly discovered evidence," in which he discusses two cases relevant to Officer Mund's search based on Plaintiff's parole status.  See Doc. no. 36.  As discussed below, Officer Mund's motion for summary adjudication that his search based on Plaintiff's parole status was lawful is denied.  Therefore, the Court does not address Plaintiff's late submitted cases.

[2] Section 22108 provides, "Any signal of intention to turn right or left shall be given continuously during the last 100 feet traveled by the vehicle before turning."

United States District Court
For the Northern District of California

his training on officer safety protocol, Officer Mund requested that Plaintiff step out of his vehicle so he would not have access to any potential weapons in the car.  Officer Mund asked Plaintiff to provide him with his driver's license and asked if he was on parole or probation.  Plaintiff said he was on parole.

Officer Mund contacted San Leandro Police dispatch to confirm Plaintiff's parole status.  Dispatch informed him that Plaintiff was on parole.  Officer Mund attaches a copy of a February 4, 2013 Detail Call for Service Report indicating that dispatch informed him that Plaintiff was on parole.  Mund Dec., Exh. A.  Based upon Plaintiff's parole status, Officer Mund searched Plaintiff and his vehicle for weapons and contraband.  The search revealed no illegal items.  Officer Mund returned Plaintiff's driver's license to him and released him with a traffic violation warning.  Officer Mund attaches a copy of his police report confirming his testimony.  Mund Dec., Exh. B.

Plaintiff's parole officer, Officer Scott Grinnell, states that, at the time of the traffic stop at issue, Plaintiff was on parole for violations of California Penal Code section 273.5 (willful infliction of corporal injury on a spouse) and California Penal Code section 12021 (possession of a firearm by a felon). Plaintiff's parole included the condition that he was subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause.  Grinnell Dec., Exh. A, Conditions of Parole, signed by Plaintiff on May 11, 2010.  The third paragraph of the Conditions of Parole document states, "You and your residence and any other property under your control may be

United States District Court
For the Northern District of California

1 searched without a warrant by an agent of the Department of

2 Corrections or any law enforcement officer."  Id.

3 II. Plaintiff's Version of Events

4      In his verified complaint, Plaintiff states that immediately

5 after Officer Mund and his partner stopped Plaintiff's car,

6 Plaintiff asked why they had stopped him and Officer Mund replied

7 that Plaintiff was "moving in his car."  When Officer Mund asked

8 if he had guns or drugs, Plaintiff replied, "No."  The officers

9 took Plaintiff out of his car and searched him.  Officer Mund

10 placed Plaintiff in the patrol car and searched Plaintiff's

11 vehicle.  Plaintiff heard dispatch tell one of the officers that

12 Plaintiff was on probation but without a search clause.  Plaintiff

13 told Officer Mund he was on parole, but Officer Mund had already

14 searched Plaintiff and his car.  Officer Mund took Plaintiff's

15 identification, but did not return it.

16      In his declaration in support of his summary judgment

17 opposition, Plaintiff states the following.  Plaintiff told

18 Officer Mund that he did not have a valid driver's license or

19 insurance for his vehicle, and Officer Mund immediately searched

20 Plaintiff and his vehicle without asking Plaintiff's permission.

21 Plaintiff gave Officer Mund his wallet containing his California

22 Identification card and his prison ID card, not his driver's

23 license, which had expired in September 2012.  Plaintiff informed

24 Officer Mund that he was on parole after Officer Mund searched

25 Plaintiff's vehicle.  At the same moment, dispatch informed

26 Officer Mund that Plaintiff was on probation with no search

27 clause.  Officer Mund replied to the dispatcher that Plaintiff

28 just advised him that he was on parole.  Officer Mund returned

Plaintiff's wallet and prison ID card to him and let him go.
Officer Mund did not give Plaintiff a warning.

In his sworn opposition, Plaintiff adds that he did not do anything wrong to warrant being pulled over by Officer Mund and that Officer Mund stopped him because he is a black male who was driving a big Cadillac with big tires and wheels.

Plaintiff's newly obtained evidence shows that his driver's license had expired many months before the traffic stop.

DISCUSSION

I.   Motion for Summary Judgment

A. Legal Standard

Summary judgment is only proper where the pleadings, discovery, and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The burden then shifts to the non-moving party to "go beyond the

pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324.

In considering a motion for summary judgment, the court must review the evidence in the light most favorable to the nonmoving party.  Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact.  T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A district court may consider only admissible evidence in ruling on a motion for summary judgment.  Fed. R. Civ. P. 56(c); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002). A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence.  Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

B. Fourth Amendment Violation

The Fourth Amendment proscribes "unreasonable searches and seizures."  U.S. Const. amend. IV; Allen v. City of Portland, 73 F.3d 232, 235 (9th Cir. 1995); Franklin v. Foxworth, 31 F.3d 873, 875 (9th Cir. 1994).  Searches conducted without a warrant from a judge or magistrate are per se unreasonable under the Fourth Amendment, subject to only a few specific exceptions.  Arizona v. Gant, 556 U.S. 332, 338 (2009).  Among these are the automobile and the protective search exceptions.  Id. at 346.

United States District Court
For the Northern District of California

6

The automobile exception is based on the "impracticality of securing a warrant in cases involving the transportation of contraband goods." United States v. Ross, 456 U.S. 798, 806-07 (1982). Where an automobile is involved, "an immediate intrusion is necessary if police officers are to secure the illicit substance." Id. The automobile exception applies if the officer has probable cause to search, that is, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle. United States v. Ewing, 638 F.3d 1226, 1231 (9th Cir. 2011). Under the totality of the circumstances test, otherwise innocent behavior may be indicative of criminal activity. United States v. Chavez-Miranda, 306 F.3d 973, 978 (9th Cir. 2002). Circumstances that have been considered are: the driver's or passengers' apparent nervousness, profuse perspiration or furtive movements appearing to conceal something; a perceived inconsistency between the driver's or passengers' statements and appearances; the failure of the driver or passengers to comply promptly with officers' orders; and the police officers' training and experience. United States v. Law, 2013 WL 2458410, *5 (E.D. Cal.) (citations omitted). Inability to provide proof of the automobile's registration, proof of insurance or a valid driver's license gives rise to suspicion of a stolen vehicle. See United States v. Garcia-Rivera, 353 F.3d 788, 791 (9th Cir. 2003) (holding that furtive movement and failure to produce valid license, vehicle registration and proof of insurance justified the officer's searching driver for weapons, performing a records check and requesting consent to search the vehicle); but see United States v. Parr, 843 F.2d 1228, 1229 (9th Cir. 1988)

(furtive movements alone not sufficient to extend scope of valid traffic stop).

In the case of a routine traffic stop, concern for officer safety justifies the minimal intrusion of ordering the driver and passengers out of the car and performing a patdown of a driver and passengers upon reasonable suspicion that they may be armed and dangerous. Knowles v. Iowa, 525 U.S. 113, 118 (1998) (citing Terry v. Ohio, 392 U.S. 1 (1968)); Pennsylvania v. Mimms, 434 U.S. 106, 109-11 (1977) (pursuant to legitimate traffic stop, officer may order occupants to exit vehicle for officer safety).

The Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee. Samson v. California, 547 U.S. 843, 851-856 (2006) (finding that suspicionless search of parolee, conducted under the authority of a California statute requiring that every prisoner eligible for release on state parole "shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause," did not violate the Fourth Amendment). But an officer would not act reasonably in conducting a suspicionless search absent knowledge that the person stopped for the search is a parolee. Id. at 856 n.5; see also Moreno v. Baca, 431 F.3d 633, 642 (9th Cir. 2005)(parole status must be known to officer at time search is conducted).

C. Analysis

As discussed above, the allegations in Plaintiff's complaint are that, after Officer Mund initiated a traffic stop of Plaintiff's vehicle, he unlawfully searched Plaintiff and his vehicle and did not return Plaintiff's identification to him. In

United States District Court
For the Northern District of California

its Order of Service, the Court found that these allegations, liberally construed, appeared to state a cognizable Fourth Amendment claim against Officer Mund.  In his opposition to the summary judgment motion, Plaintiff argues that he had done nothing wrong to warrant the stop and that Officer Mund initiated the traffic stop based on racial profiling.  Because no allegations giving rise to a claim that Plaintiff had done nothing wrong and was a victim of racial profiling were in the complaint, such a claim was not in the Court's order of service.  Thus, Officer Mund did not address that claim in his motion or reply.  For the same reason, the Court does not address such a claim.  If Plaintiff wishes to pursue such a claim, he would have to attempt to assert it in a separate complaint.

    1. Unreasonable Search

      a. Parole Search

 Plaintiff argues that Officer Mund's search was illegal because he learned that Plaintiff was on parole only after he had searched Plaintiff and his vehicle.

 Officer Mund supports his position that he knew that Plaintiff was on parole at the time he searched Plaintiff and his vehicle with his declaration, his police report of the incident, the report from police dispatch showing that Plaintiff was on parole, Officer Grinnell's declaration that Plaintiff was on parole and a copy of the conditions of Plaintiff's parole. Plaintiff disputes this evidence with the statements in his verified complaint and in his declaration that Officer Mund searched Plaintiff and his vehicle before Officer Mund received a response from police dispatch about Plaintiff's parole status and before Plaintiff told him he was on parole.  He also states that

United States District Court
For the Northern District of California

police dispatch told Officer Mund that Plaintiff was on misdemeanor probation without a search clause.

The undisputed evidence shows that Officer Mund called police dispatch to request Plaintiff's parole status and that police dispatch replied that Plaintiff was on parole.  Plaintiff cannot raise a dispute of material fact by stating that dispatch replied that he was only on probation without a search condition when the documentary evidence shows that dispatch replied that Plaintiff was currently on parole for a domestic violence offense.  This is further corroborated by the documentary evidence showing that Plaintiff was on parole with a search condition.

Plaintiff also cannot raise a dispute of fact with his own contradictory evidence.  Plaintiff admits that he told Officer Mund that he was on parole, but states that he was only on probation without a search clause and argues that the documentary evidence of his parole and the search condition is false.  Even without Plaintiff's admission that he was on parole, this fact is corroborated by the dispatch report, Agent Grinnell's declaration and the copy of the parole document.  In the face of this overwhelming evidence showing that Plaintiff was on parole, Plaintiff cannot raise a dispute of fact with the statement that the document is false or that the dispatcher said he was on probation with no search clause.

However, there is a dispute of fact about when Officer Mund initiated his search.  Officer Mund states that first he learned from Plaintiff and the dispatcher that Plaintiff was on parole and then he searched Plaintiff and the vehicle.  Plaintiff states that Officer Mund conducted the searches before he heard from the dispatcher and before Plaintiff told him he was on parole.  On a

motion for summary judgment, disputes of fact must be resolved in favor of the non-moving party.  Therefore, the evidence, viewed in the light most favorable to Plaintiff, shows that Officer Mund conducted his search of Plaintiff and the vehicle before he learned Plaintiff was on parole.  If this were true, the search of the vehicle, based on Plaintiff's parole status, would not have been lawful.  See Samson, 547 U.S. at 856 n.5; Moreno, 431 F.3d at 642 (parole status must be known to officer at time search is conducted).  Thus, Officer Mund's motion for summary adjudication that his search was lawful because it was based on Plaintiff's parole status is denied.

  b. Automobile and Officer Safety Exceptions

    Officer Mund also argues that he had probable cause to search Plaintiff and his vehicle because, when he attempted to enforce the traffic stop, he observed Plaintiff lean toward the passenger seat, look furtively in Officer Mund's direction and then shift around in his driver's seat before he pulled his vehicle to a stop.  Officer Mund declares that, based on his training and background, Plaintiff's actions led him to believe that Plaintiff may have been concealing a weapon or other contraband in the vehicle.  Pursuant to Officer's Mund's training on officer safety protocol, when he approached Plaintiff's vehicle, he requested that Plaintiff step out of his vehicle so that he would not have direct access to any potential weapons.

    Even if Officer Mund did not yet know that Plaintiff was on parole, the totality of the circumstances ── Plaintiff's furtive movements and Plaintiff's failure to produce a valid driver's license and car insurance ── gave rise to probable cause for Officer Mund to believe that weapons or contraband were on

United States District Court
For the Northern District of California

Plaintiff's person and, on this basis, he lawfully conducted a search of Plaintiff.  See Garcia-Rivera, 353 F.3d at 791 (driver's furtive movement and failure to produce valid driver's license, vehicle registration and proof of insurance justified officer's search of driver).  However, these facts do not justify Officer Mund's search of the vehicle.

The facts in Garcia-Rivera are similar to the facts in this case.  In Garcia-Rivera, after the officers' activated the lights in the police vehicle to make a lawful traffic stop, they observed Garcia-Rivera make a furtive movement, leaning forward as if reaching for something or putting something down.  Id.  In addition, Garcia-Rivera failed to produce a valid license, vehicle registration or proof of insurance.  Id.  One of the officers patted down Garcia-Rivera for weapons, performed a records check and asked for consent to search the vehicle.  Id.  The court held that, given Garcia-Rivera's furtive movement and inability to provide any valid documentation, the officer's actions were reasonable.  Id.

Garcia-Rivera, therefore, supports Officer Mund's search of Plaintiff's person; it does not support Officer Mund's warrantless search of Plaintiff's vehicle.  After Officer Mund asked Plaintiff to step out of his car, searched Plaintiff and found no weapons or contraband, Plaintiff was no longer a threat to officer safety; under Plaintiff's version of the facts, Officer Mund did not have probable cause to search the vehicle.  Therefore, summary adjudication that Officer Mund's search of Plaintiff's person was lawful is warranted, but not of his search of Plaintiff's vehicle.

Plaintiff attempts to dispute Officer Mund's evidence regarding both searches.  First, Plaintiff attempts to dispute

United States District Court
For the Northern District of California

that he made a "furtive movement" in his vehicle by declaring that the vehicle's lap and shoulder restraints prevented much movement. However, he fails to state that he did not make a "furtive movement" or look "furtively" in Officer Mund's direction before bringing his vehicle to a stop.

Plaintiff attempts to call Officer Mund's credibility into question by pointing out that his police report states that he returned Plaintiff's driver's license to him at the scene. Plaintiff argues that this statement is false because Plaintiff's driver's license had expired.  However, Plaintiff himself states that he gave Officer Mund his wallet containing his California identification and prison ID card and that Officer Mund returned these documents to him.  Pl.'s Dec. at 2.  This evidence merely shows that Plaintiff gave Officer Mund identification other than his driver's license, not that Officer Mund lied about having Plaintiff's driver's license.

Plaintiff also argues the fact that Officer Mund could have, but did not, cite him for other violations, shows that Officer Mund is lying about the searches.  However, the fact that Officer Mund did not cite Plaintiff for not having a valid driver's license or automobile insurance has no bearing on the fact that Officer Mund had probable cause to search Plaintiff or on Officer Mund's credibility regarding the search.

The totality of the evidence, taken in the light most favorable to Plaintiff, fails to raise a genuine dispute of material fact that Officer Mund did not have probable cause to search Plaintiff's person.  Accordingly, summary judgment is granted in favor of Officer Mund on the Fourth Amendment claim based on his search of Plaintiff's person.  However, accepting

1   Plaintiff's version of the facts, Officer Mund did not have

2   probable cause to search Plaintiff's vehicle and summary judgment

3   is denied on this claim.

4           2. Seizure of Driver's License

5       Any claim based on the allegation in Plaintiff's complaint

6   that Officer Mund did not return Plaintiff's identification to him

7   is refuted by Plaintiff's own evidence that Officer Mund returned

8   the identification documents Plaintiff gave to him.  Accordingly,

9   summary judgment is granted in favor of Officer Mund on the claim

10  based on the seizure of Plaintiff's identification.

11      D. Qualified Immunity

12      Officer Mund also argues that the doctrine of qualified

13  immunity protects him from liability.  The defense of qualified

14  immunity protects "government officials . . . from liability for

15  civil damages insofar as their conduct does not violate clearly

16  established statutory or constitutional rights of which a

17  reasonable person would have known." Harlow v. Fitzgerald, 457

18  U.S. 800, 818 (1982).  A court considering a claim of qualified

19  immunity must determine whether the plaintiff has alleged the

20  deprivation of an actual constitutional right and whether the

21  right was clearly established, such that it would be clear to a

22  reasonable officer that his conduct was unlawful in the situation

23  he confronted. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

24      As discussed above, Officer Mund had probable cause to search

25  Plaintiff's person, but accepting Plaintiff's version of the

26  facts, he did not have probable cause to search Plaintiff's

27  vehicle.  Thus, Officer Mund's search of Plaintiff did not violate

28  Plaintiff's constitutional rights but Officer Mund's search of

    Plaintiff's vehicle may have violated his constitutional rights.

However, assuming the existence of a constitutional violation based on both searches, the evidence, viewed in the light most favorable to Plaintiff, shows that a reasonable officer in Officer Mund's situation could have believed that he had probable cause to search Plaintiff and his vehicle.  The undisputed evidence is that: (1) while Officer Mund was initiating a valid traffic stop, he observed Plaintiff make suspicious movements in his car and look furtively at him; and (2) after Officer Mund made the traffic stop, he learned that Plaintiff did not have a valid driver's license or car insurance.  Given the Supreme Court and Ninth Circuit precedent discussed above, under these circumstances, it would not be clear to a reasonable officer that it was unlawful to search Plaintiff's person.  And, although it is a close question, given the  automobile and officer safety exceptions to warrantless searches, it would not have been clear to a reasonable officer in Officer Mund's position that it was unlawful to search Plaintiff's vehicle for weapons and contraband.  Therefore, Officer Mund is entitled to summary judgment for both searches on the basis of qualified immunity.

II. Plaintiff's Motions

    A. Motion for Default Judgment

    Plaintiff moves for a default judgment against Officer Mund for not filing a timely answer.  Based upon the Court's Order of Service, Officer Mund's answer was timely.  This motion is denied.

    B. Motions to Amend Complaint

    Plaintiff files two motions to amend his complaint.  In his first motion, Plaintiff seeks to add the San Leandro Police Department as a defendant for failing to train properly Officer J. Robertson.  Officer Robertson was Officer Mund's partner at the

United States District Court
For the Northern District of California

time of Plaintiff's traffic stop.  In his second motion, Plaintiff seeks to add Officer Robertson as a defendant.

### 1. Motion to Add San Leandro Police Department

A claim against a police department based on inadequacy of training may serve as the basis of § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the officers come into contact.  Munger v. City of Glasgow Police Dep't, 227 F.3d 1082, 1087 (9th Cir. 2000). An allegation that a municipality failed to train a single officer is insufficient to state a claim of municipal liability. Blankenhorn v. City of Orange, 485 F.3d 463, 484-85 (9th Cir. 2007).  Absent program-wide inadequacies in training, a failure to train a single officer "can only be classified as negligence on the part of the municipal defendant—a much lower standard of fault than deliberate indifference."  Id. at 485.

Plaintiff's allegation that the San Leandro Police Department failed properly to train Officer Robertson does not state a cognizable Fourth Amendment claim because a failure to train one officer would show that the department was negligent, not that it was deliberately indifferent to the rights of all persons with whom its officers came into contact.  Furthermore, the Court previously informed Plaintiff of the allegations necessary to state a cognizable claim against a local municipal agency under Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978), and provided him twenty-eight days in which to file an amended complaint.  See Order of Service and Partial Dismissal with Leave to Amend, Doc. no. 8 at 3-5.  Plaintiff did not file an amended complaint within twenty-eight days, but filed this motion for leave to amend after Officer Mund filed his motion for summary

United States District Court
For the Northern District of California

judgment.  Because this is Plaintiff's second failed attempt to state a claim against a municipal agency, his motion for leave to amend is denied with prejudice.  See Allen v. City of Beverly Hills, 911 F.2d 367, 373-74 (9th Cir. 1990) (district court's discretion to deny leave to amend particularly broad where plaintiff previously amended complaint).

> 2. Motion to Add Officer Robertson

Leave to amend is futile if the proposed claims contain defects that cannot be cured by any amendment.  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011); see also Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (proposed amendment is futile if no set of facts can be proved under it that would constitute a valid claim).

Plaintiff cannot state a Fourth Amendment claim against Officer Robertson because he would be entitled to the same legal defenses and immunities set forth in Officer Mund's motion for summary judgment.  As discussed above, summary judgment has been granted in favor of Officer Mund.  Plaintiff's Fourth Amendment claim against Officer Robertson would fail for the same reasons it fails against Officer Mund.  Thus, adding Officer Robertson as a defendant would be futile.

Therefore, Plaintiff's two motions for leave to amend are denied with prejudice.

> C. Motions to Compel

Plaintiff submits two motions to compel discovery.

Under Rule 26 of the Federal Rules of Civil Procedure, parties are entitled to discovery regarding any non-privileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and

United States District Court
For the Northern District of California

location of any documents or other tangible things and the
identity and location of persons who know of any discoverable
matter.  Fed. R. Civ. P. 26(b)(1).  A party may serve on any other
party a request for documents in the responding party's
possession, custody or control.  Fed. R. Civ. P. 34(a).  For good
cause, the court may order discovery of any matter relevant to the
subject matter involved in the action.  Relevant information need
not be admissible at the trial if the discovery appears reasonably
calculated to lead to the discovery of admissible evidence.  <u>Id.</u>

The court must limit access to discovery that is
"unreasonably cumulative or duplicative, or can be obtained from
some other source that is more convenient, less burdensome, or
less expensive," Fed. R. Civ. P. 26(b)(2)(C)(i), or where "the
burden or expense of the proposed discovery must be assessed in
light of its likely benefit, considering the needs of the
case, the amount in controversy, the parties' resources, the
importance of the issues at stake in the action, and the
importance of the discovery in resolving the issues," Fed. R. Civ.
P. 26(b)(2)(C)(iii).

In his first motion, Plaintiff requests the production of the
following three items: (1) dispatch recordings of Plaintiff's
vehicle stop; (2) all camera footage of the vehicle stop; and
(3) the San Leandro Police Department's Procedure and Policy
manual for a legal vehicle stop.  Officer Mund responded as
follows: (1) no dispatch recordings of the events in dispute are
in his care because all dispatch recordings are disposed of or
deleted after one year from the date they are recorded, pursuant
to San Leandro Police Department policy; (2) the San Leandro
Police Department does not have vehicle-mounted dashboard cameras

in patrol vehicles or any other type of camera recording; and (3) the San Leandro Police Department does not have a policy and procedures manual for making a legal stop because all San Leandro police officers are trained on how to conduct a traffic stop at the police academy.

Because the documents and discovery that Plaintiff requested were not in the control or possession of Officer Mund, he cannot be compelled to provide a different response. See Fed. R. Civ. P. 34(a).  Plaintiff's first motion to compel is denied.

In his second motion to compel discovery, Plaintiff argues that Officer Mund should not have allowed the San Leandro Police Department to destroy dispatch recordings because he had notice of Plaintiff's lawsuit before one year from the date the recordings were made.  He argues that Officer Mund filed his motion for summary judgment before a year had passed and, thus, he should have included the dispatch tape as evidence or at least produced it to Plaintiff.

Officer Mund had notice of the lawsuit approximately eleven months after it was filed.  The following are the relevant dates. The vehicle stop occurred on February 4, 2013.  Plaintiff filed this lawsuit on May 21, 2013.  However, he did not file a complete in forma pauperis application until October 17, 2013.  On December 5, 2013, the Court reviewed Plaintiff's complaint and issued an order of service.  The notice of lawsuit and request for waiver of service of summons were mailed to Officer Mund on December 10, 2013.  This waiver of summons form allows defendants a longer time to respond to a complaint in exchange for waiving the official service of summons requirement.  Officer Mund filed his waiver of

United States District Court
For the Northern District of California

service form on January 9, 2014, and he filed both his answer and motion for summary judgment on March 6, 2013.

These dates show that, by the time Officer Mund appeared in this action on January 9, 2014, almost a year had gone by since the traffic stop occurred on February 4, 2013.  And, contrary to Plaintiff's assertion, more than a year had passed by the time Officer Mund filed his answer and motion for summary judgment on March 6, 2014.  Therefore, although it would have been prudent for Officer Mund to have gathered the dispatch recording before it was destroyed on February 4, 2014, the timing was such that it cannot be said that he could have done so.  Furthermore, although Plaintiff believes that the recording would show that police dispatch said that Plaintiff was on probation without a search clause, the documentary evidence shows that police dispatch informed Officer Mund that Plaintiff was on parole.

Accordingly, Plaintiff's second motion to compel is denied.

D. Motion to Admit Newly Discovered Evidence

In this motion, Plaintiff seeks the admission of evidence showing that, at the time of the traffic stop, his driver's license had expired.  This motion is granted.  However, as discussed above, the newly discovered evidence does not save Plaintiff's claim.

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Officer Mund's motion for summary judgment is granted. Doc. No. 17.

2. Plaintiff's motion to add newly discovered evidence is granted.  Doc. No. 33.

**United States District Court**
For the Northern District of California

1     3. All other motions filed by Plaintiff are denied.  Doc.

2   Nos. 15, 21, 22, 24 and 25.

3     4. The Clerk shall enter a separate judgment in favor of

4   Officer Mund and close the file.  Each party shall bear his own

5   costs.

6     IT IS SO ORDERED.

7

8   Dated:  November 14, 2014

9                                    _____
                                     CLAUDIA WILKEN
10                                   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28